836 F.2d 1348
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George SPITTAL, Plaintiff-Appellant,
v.
Sam BROWN; Linda Clark; Ephra McNew Paull; Dr. David
Sorenson; Dr. Magdi Risk and Toni Richmond,
Defendants-Appellees.
 No. 86-3986.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1988.
 
 Before KEITH and WELLFORD, Circuit Judges, and HULL*, District Court Judge.
 PER CURIAM:
 
 
 1
 Plaintiff, George W. Spittal, appeals the granting of summary judgment for defendants in his civil rights action brought pursuant to 42 U.S.C. Sec. 1908. After careful consideration of the arguments of counsel, the record, and the briefs submitted in this case, we hereby AFFIRM based on the opinion of the Honorable Sam H. Bell, United States District Court for the Northern District of Ohio, entered September 16, 1986.
 
 
 2
 WELLFORD, Circuit Judge, concurring.
 
 
 3
 I concur with District Judge Bell's rationale and with my fellow judges on this panel that Mr. Spittal was not denied his due process rights under the circumstances in respect to his suspension for five days. I believe the result is not inconsistent with Cleveland Board of Education v. Loudermill, --U.S. ----, 105 S.Ct. 1487 (1985). Mr. Spittal is an attorney who appeared for himself in this proceeding. This does not, however, justify his attack that "the trial court has fashioned the facts and when needed fabricated the facts in order to dupe this court." (Appellant's brief, p. 12.) Accusing the trial court of "blatant lies" and "disobeying" this court's prior order is not only a disservice to his own cause, but is not the kind of attorney conduct countenanced by this court.
 
 
 4
 Mr. Spittal had a reasonable opportunity under the Ohio procedure to challenge the action taken and to present his version of the facts in connection with his repeated refusal to obey the direction of his superiors and his rejection of assessments at the Western Reserve Psychiatric Habilitation Center. I find no error in the district court's interpretation and application of Boals v. Gray, 775 F.2d 686 (6th Cir.1985) in respect to undisputed factual elements of this case.
 
 
 
 *
 Honorable Thomas G. Hull, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation